# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESSIE JOHNSON, as a surviving heir of Darryl Johnson; CHARLIE JOHNSON, as a surviving heir of Darryl Johnson,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>EXECUTIVE PROTECTIVE AGENCY K-9 & INVESTIGATIVE SERVICES, INC., et al.,<br><br>　　　　　　Defendants. | Civil No. 07CV0570 J (AJB)<br><br>**ORDER GRANTING DEFENDANTS CITY OF SAN DIEGO AND SAN DIEGO POLICE DEPARTMENT'S MOTION TO DISMISS** |

Before the Court is Defendants City of San Diego and San Diego Police Department's ("Defendants") Motion to Dismiss. [Doc. No. 4.] Plaintiffs Bessie Johnson and Charles Johnson ("Plaintiffs") have filed an opposition. [Doc. No. 11.] The issues presented are decided without oral argument. *See* S.D. Cal. Civ. R. 7.1.d.1 (2006). For the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss.

## *Background*

Plaintiffs allege that on or about July 17, 2006, decedent Darryl Johnson ("Decedent") was riding his bicycle when he was attacked by a security guard who was working for Defendants Executive Protective Agency K-9 & Investigative Services, Inc. ("Executive") and

Park Crest Apartments.[1]  (Compl. ¶ 9.)  Plaintiffs allege that unnamed police officers employed by Defendants City of San Diego ("City") and the San Diego Police Department ("SDPD") also attacked and beat Decedent in an apparent case of mistaken identity.  (*Id.* ¶ 10.)  Plaintiffs allege that Decedent was repeatedly struck in the head by the security guard and police officers.  (*Id.* ¶ 11.)  Plaintiffs allege that Decedent was handcuffed and transported via ambulance to Paradise Valley Hospital, "where he was diagnosed with anoxic brain damage and acute respiratory failure which resulted in his death on July 23, 2006."  (*Id.* ¶ 12.)

On March 28, 2007, Plaintiffs filed a Complaint alleging a 42 U.S.C. § 1983 cause of action against Defendants City and SDPD.[2]  [Doc. No. 1.] On May 1, 2007, Defendants filed the instant Motion to Dismiss.  [Doc. No. 4.]  Plaintiffs have filed an opposition.  [Doc. No. 11.]

## *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *See* Fed. R. Civ. P. 12(b)(6); *see also Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  A motion to dismiss should be granted if the plaintiff is unable to delineate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *See Gompper v. VISX, Inc.*, 298 F.3d 893, 895  (9th Cir. 2002).  However, the court is not bound to accept as true a legal conclusion couched as a factual allegation.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Instead, the court must determine "whether conclusory allegations follow from the description of facts as

---

[1] Defendants Executive and Park Crest Apartments are not parties to the instant Motion to Dismiss and have already filed an Answer to the Complaint. [*See* Doc. No. 5.]

[2] The Complaint also alleges a negligence cause of action against Defendant Executive. However, because Defendant Executive did not join the instant Motion to Dismiss, the negligence cause of action is not presently at issue.

alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, and documents relied upon but not attached to the complaint when authenticity is not contested. *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997).

*Discussion*

**I. Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiffs' Complaint on the grounds that Plaintiffs have failed to properly plead their § 1983 claim. (Mot. to Dismiss at 2.) Specifically, Defendants argue that Plaintiffs have failed to allege that Defendants' policy, custom, or practice resulted in a constitutional deprivation. (*Id.* at 5.) In opposition, Plaintiffs argue that they have satisfied the pleading requirements of a § 1983 claim because their Complaint alleges that the unnamed police officers were responsible for carrying out Defendants' policies and procedures. (*See* Opp'n to Mot. to Dismiss at 7 (citing Compl. ¶ 8).)

Section 1983 allows a party to bring a civil action for constitutional deprivations against persons acting under color of state law. 42 U.S.C. § 1983; *see also Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1996) (noting the critical inquiry in a § 1983 action is whether the plaintiff has been deprived of a right secured by the Constitution). A person deprives another of a constitutional right, within the meaning of § 1983, if he or she commits an affirmative act or omits to perform an act that causes a plaintiff to be deprived of his rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. N.Y. City Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). Only when the "execution of a government's policy or custom" leads to the injury may the government entity be held responsible under § 1983. *Id.* Further, to allege a § 1983 claim sufficient to establish municipal liability, the plaintiff must show that he (1) was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to

plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 835 (9th Cir. 1996).

Here, Plaintiffs have not alleged that Defendants' police officers were acting pursuant to a policy or custom when they allegedly attacked Decedent. Although Plaintiffs allege in Paragraph 8 of the Complaint that the police officers were "responsible for carrying out the . . . policies and procedures of the above referenced defendant, City of San Diego and San Diego Police Department," this allegation alone is insufficient to state a claim against a government body under § 1983. Rather, Plaintiffs must allege that, in using excessive force against Decedent, the officers were implementing or executing a policy or custom of Defendants City and SDPD. The current allegation in Plaintiffs' Complaint that the officers were responsible for carrying out Defendants' policies is insufficient because it fails to state that the officers were executing Defendants' policies or customs at the time the alleged attack on Decedent occurred. *See Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."). The Court assumes, for purposes of this motion, that Plaintiff's allegations that Defendant's officers attacked Decedent are true. However, the Court cannot assume that the officers were executing official municipal policy absent an allegation in the Complaint to that effect. The Complaint, as it currently stands, fails to allege that Defendants' official policy is responsible for the alleged deprivation of Decedent's constitutional rights. *See id.* at 690 ("The touchstone of a § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution."). Rather, the Complaint alleges only that the unnamed police officers were responsible for the deprivation of rights. Because Plaintiffs have failed to allege that the police officers' actions conformed to official municipal policy when they allegedly harmed Decedent, the Court **GRANTS** Defendants' Motion to Dismiss.

**II. Leave to Amend**

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, "[t]he standard for granting leave to amend is generous." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988). Leave "should be granted 'if it appears at all

possible that the plaintiff can correct the defect.' " *Id.* (quoting *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789-90 (9th Cir. 1963)); *see also Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

In this case, Plaintiffs' 42 U.S.C. § 1983 claim is dismissed because the Complaint does not allege facts sufficient to support municipal liability. Plaintiffs have requested leave to amend their Complaint. (Opp'n to Mot. to Dismiss at 8.) Because there is at least some possibility that Plaintiffs can correct the defects in their Complaint, leave to amend is **GRANTED**.

## *Conclusion*

For the reasons set forth above, the Court **GRANTS** the Motion to Dismiss as to Defendants City of San Diego and San Diego Police Department. Plaintiffs' 42 U.S.C. § 1983 claim against Defendants City of San Diego and San Diego Police Department is **DISMISSED** without prejudice and with leave to amend for failing to state a claim upon which relief may be granted. Plaintiffs are granted thirty (30) days from the date stamped "Filed" on this order to file a First Amended Complaint which addresses each pleading deficiency noted above. The Amended Complaint must be complete in itself without reference to the original Complaint. *See* S.D. Cal. Civ. R. 15.1. All claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATED: June 15, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Battaglia
All Counsel of Record