# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESSIE JOHNSON, as a surviving heir of Daryl Johnson; CHARLIE JOHNSON, as a surviving heir of Daryl Johnson,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>EXECUTIVE PROTECTIVE AGENCY K-9 & INVESTIGATIVE SERVICES, INC., et al.,<br><br>　　　　　　Defendants. | Civil No. 07CV0570 J (AJB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT** |

Before the Court is Plaintiffs Bessie Johnson and Charles Johnson's ("Plaintiffs") Motion for Relief from Judgment. [Doc. No. 20.] Defendants City of San Diego and San Diego Police Department ("City Defendants") have filed an Opposition. [Doc. No. 23.] Defendants Executive Protection Agency K-9 & Investigative Services Inc. and Franklin R. Whiteley ("Private Defendants") have also filed an Opposition.[1] [Doc. No. 24.] The issues presented are decided without oral argument. *See* S.D. Cal. Civ. L. R. 7.1.d.1 (2007). For the reasons stated below, the Court **GRANTS** the Motion for Relief from Judgment.

---

[1] The Court will refer to the opposition filed by Defendants Executive Protection Agency K-9 & Investigative Services Inc., Franklin R. Whiteley as "Private Defs.' Opp'n." The Court will refer to the opposition filed by the City of San Diego and San Diego Police Department as "City Defs.' Opp'n."

*Background*

On March 28, 2007, Plaintiffs filed a Complaint alleging a 42 U.S.C. § 1983 cause of action and a negligence cause of action. [Doc. No. 1.] Plaintiffs allege that their son, Daryl Johnson, died as a result of injuries sustained when he was physically assaulted by Defendants. (*See generally* Compl.) Defendants City of San Diego and San Diego Police Department ("City Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 4.] Defendants Executive Protection and Mr. Whiteley ("Private Defendants") did not file a Motion to Dismiss and instead filed a responsive pleading. [*See* Doc. No. 5.] On June 15, 2007, the Court granted City Defendants' Motion to Dismiss, finding that Plaintiffs had failed to adequately plead that Defendants' policy, custom, or practice resulted in a constitutional deprivation. (Order on Mot. to Dismiss at 4.) The Court granted Plaintiffs thirty days to file a First Amended Complaint ("FAC"). (*Id.* at 5.) Plaintiffs failed to timely file a FAC.

As stated in the Motion for Relief from Judgment, Plaintiffs were originally represented by Pacific Law Center ("PLC"). (Mot. at 2.) PLC and Panish Hoey, LLP entered into an association where Panish Hoey and its affiliate, San Diego Trial Group, would assume representation of all of PLC's personal injury and wrongful death cases. (*Id.*) Due to this transition, PLC reassigned Plaintiffs' case from attorney Giles Townsend to attorney Robert Hamparyan of Panish Hoey. (*Id.*) However, Plaintiffs did not file a substitution of attorney form until August 14, 2007. [Doc. No. 17.] As a result, Plaintiffs' former attorney, Mr. Townsend, remained the attorney of record in this District's electronic filing system until August 14, 2007. (*Id.* at 3.) Electronic notices regarding Plaintiffs' case were therefore sent to Mr. Townsend, rather than to Mr. Hamparyan. (*Id.*) According to Plaintiffs, Mr. Hamparyan did not receive notice of the Court's Order granting Defendant's Motion to Dismiss and ordering Plaintiffs to file an amended Complaint by July 15, 2007. (*Id.*) Plaintiffs subsequently failed to timely a FAC. (*Id.*)

On August 14, 2007, Plaintiffs filed the instant Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). [Doc. No. 18.] Defendants oppose the Motion. [Doc. Nos. 23, 24.]

*Discussion*

Plaintiffs argue that they are entitled to relief pursuant to Federal Rule of Civil Procedure 60(b) to file an untimely FAC. Rule 60(b) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). However, a final judgment dismissing this case for failure to timely amend the Complaint has not been issued. A motion to reconsider is not proper in this case because a final judgment has not been entered, and Plaintiffs do not challenge the merits of the Court's order granting City Defendants' Motion to Dismiss. The Court therefore construes the present Motion as a motion for an extension of time in which to file the FAC pursuant to Rule 6(b).

Pursuant to Rule 6(b):

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

Fed. R. Civ. P. 6(b). Although made with respect to a motion pursuant to Rule 60(b), the parties' arguments are, nevertheless, applicable. Plaintiffs argue that the Motion should be granted due to excusable neglect. (Mot. at 4.) Specifically, Plaintiffs argue that they failed to timely file a FAC because their case was transferred to a different law firm, and they did not receive notice of the filing deadline for the FAC as a result of this transition. (*See id.*) Plaintiffs state that there is no danger of prejudice to Defendants because other avenues of dismissal will remain if the Court permits Plaintiffs to file a FAC. (*See id.*) In opposition, both City Defendants and Private Defendants argue that Plaintiffs' conduct does not constitute excusable neglect and that they will suffer prejudice if the Court permits Plaintiffs to file a FAC. (City Defs.' Opp'n at 9-10; Private Defs.' Opp'n at 2-4.)

The Supreme Court has instructed courts to allow late filings caused by "excusable neglect." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395-99 (1993). Excusable neglect is an elastic concept, and "is at bottom an equitable [determination], taking account of all relevant circumstances." *Id.* at 395. Accordingly, the Court will "examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors." *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004). In determining whether neglect is excusable, the Court considers the four factors delineated in *Pioneer*: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Id.* (citing *Pioneer*, 507 U.S. at 395). After applying the *Pioneer* factors to Plaintiffs' case, the Court **FINDS** that Plaintiffs' neglect was excusable.

### *A.     Danger of Prejudice to Non-Moving Parties*

The Court first examines whether Plaintiffs' requested relief will prejudice City Defendants and Private Defendants. Both City Defendants and Private Defendants argue that they will be prejudiced if the Court permits Plaintiffs to file a FAC. City Defendants argue that as a result of Plaintiffs' failure to timely file a FAC, they stopped investigation of the incident at issue. (City Defs.' Opp'n at 10.) As a result, City Defendants argue that it will be more difficult to locate witnesses and have them accurately recall their memories of the incident. (*Id.*) Private Defendants argue that if the Court permits Plaintiffs to file a FAC, City Defendants "will be back in the case and [Private Defendants] will be forced to incur significant costs involved in participating in substantial discovery on the federal question issues." (Private Defs.' Opp'n at 4.)

The record does not indicate that either set of Defendants would suffer undue prejudice by granting Plaintiff an extension of time to file a FAC. Less than three months have elapsed from the date on which Plaintiff was ordered to file a FAC. Contrary to City Defendants' assertions, it is unlikely that this relatively short delay will significantly hamper City Defendants' ability to locate and interview witnesses. Similarly unconvincing is Private

Defendants' argument that discovery on "the federal question issues" will cause them to incur significant costs. Plaintiffs' federal and state causes of action arise from the same incident. Thus, it is likely that the discovery Private Defendants conduct regarding Plaintiffs' negligence claims will overlap with the discovery Private Defendants conduct regarding the § 1983 claims. Accordingly, the Court **FINDS** that the prejudice factor weighs in Plaintiffs' favor.

### *B.     Length of Delay and Potential Impact on Judicial Proceedings*

The Court next examines the length of the delay caused by Plaintiffs' conduct and its impact on the proceedings. As noted above, less than three months have elapsed from the date on which the FAC was due. Because this case is in the early stages of litigation, Plaintiffs' delay has not substantially affected the scheduling of any proceedings. The Early Neutral Evaluation conference proceeded as scheduled by Magistrate Judge Anthony J. Battaglia, and the parties were granted leave to pursue third party subpoenas. [*See* Doc. Nos. 15, 16.] The Court therefore **FINDS** that this factor weighs in Plaintiffs' favor.

### *C.     Whether Moving Party's Conduct Was in Good Faith*

The Court next examines whether Plaintiffs acted in bad faith by failing to file a timely FAC. City Defendants allege that "there has been a pattern of actions and communications by [Plaintiffs' counsel] that lack good faith." (City Defs.' Opp'n at 10.) However, an examination of the record fails to reveal any conduct by Plaintiffs amounting to bad faith. This is the first time Plaintiffs have sought the extension of a filing deadline from the Court, and this is also the first time Plaintiffs have sought leave to file an amended complaint. An examination of the proposed FAC, which Plaintiffs have attached to their Reply brief, reveals that Plaintiffs have made an attempt to cure the deficiencies identified in the original Complaint. There is no indication that the failure to timely file the FAC was willful or intentional. The Court therefore **FINDS** that this factor weighs in Plaintiffs' favor.

### *D.     Reason for Delay*

The Court next examines the reason for Plaintiffs' delay in filing the FAC. The reason given for Plaintiffs' failure to timely file a FAC is fairly weak. Plaintiffs allege that they did not receive electronic notice of the filing deadline for the FAC due to the transfer of their case to a

different law office and a different attorney. Plaintiffs allege that their former attorney, Mr. Townsend, received the electronic notice of the filing deadline, but their new attorney, Mr. Hamparyan, did not. As pointed out by City Defendants, Mr. Hamparyan could easily have ascertained the filing deadline by examining the Court's docket. The Court acknowledges that Plaintiffs' counsel failed to diligently monitor the docket in this case. But the Court also acknowledges that where the equities in the *Pioneer* test weigh in a plaintiff's favor, the plaintiff should be granted relief even if the reason for delay is weak. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). Despite Plaintiffs' failure to provide a persuasive reason for delay, the remaining *Pioneer* factors weigh in Plaintiffs' favor. Further, Plaintiffs' errors "resulted from negligence and carelessness, not from deviousness or willfulness." *See id.* Because Plaintiffs acted in good faith, without prejudice to City Defendants or Private Defendants, and with minimal impact on the judicial proceedings, the Court **FINDS** that Plaintiffs' neglect was excusable. Accordingly, the Court **GRANTS** Plaintiffs' Motion for Relief from Judgment.

## *Conclusion*

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion for Relief from Judgment. Plaintiffs shall file a First Amended Complaint addressing the pleading deficiencies noted in the Court's June 15, 2007 Order Granting Defendants' Motion to Dismiss. The First Amended Complaint shall be filed on or before *October 11, 2007*. No further extensions will be granted for filing the First Amended Complaint.

**IT IS SO ORDERED**.

DATED: September 26, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Battaglia
    All Counsel of Record