# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESSIE JOHNSON, CHARLIE JOHNSON, as surviving heirs of DARRYL JOHNSON, deceased,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>EXECUTIVE PROTECTIVE AGENCY K9 & INVESTIGATIVE SERVICES INC., FRANKLIN R. WHITELEY, PARK CREST APARTMENTS, CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, and DOES 6-100, inclusive,<br><br>　　　　　　Defendants. | Civil No. 07cv0570-J (AJB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND**; and<br><br>**(2) DISMISSING DEFENDANTS' MOTIONS TO DISMISS [DOC. NOS. 63, 75] AND MOTION FOR SUMMARY JUDGMENT [DOC. NO. 77] AS MOOT.** |

Presently before this Court is Plaintiffs Bessie and Charlie Johnson's ("Plaintiffs") motion for leave file a second amended complaint. [Doc. No. 86.] Having reviewed the motion, both oppositions filed by Defendants in this case [Doc. Nos. 92, 93], and all supporting documentation, this Court **GRANTS** Plaintiffs' motion to file an amended complaint.

## *Background*

Plaintiffs allege that on or about July 17, 2006, decedent Darryl Johnson ("Decedent") was riding his bicycle when he was attacked by a security guard who was working for Defendants Executive Protective Agency K-9 & Investigative Services, Inc. ("Executive"), Park Crest Properties, and South Crest Apartments. (First Am. Compl. ¶¶ 17-18.) Plaintiffs allege that unnamed police officers employed by Defendants City of San Diego ("City") and the San Diego Police Department ("SDPD") also attacked and beat Decedent in an apparent case of mistaken

identity. (*Id.* ¶ 19.)  Plaintiffs allege that Decedent was repeatedly struck in the head and body and choked by the security guard and police officers. (*Id.* ¶ 20.)  Plaintiffs allege that Decedent thereafter "suffered acute respiratory failure and brain damage, which directly and proximately caused his death on July 23, 2006." (*Id.* ¶ 22.)

On October 2006, Plaintiffs presented the City of San Diego with a claim for injuries and death of their son.  In December 2006, the City of San Diego rejected the claim.

On March 28, 2007, Plaintiffs filed their original complaint against Executive; Franklin R. Whiteley; Park Crest Apartments; City of San Diego; San Diego Police Department; and Does 6-100. [Doc. No. 1.] The original Complaint alleged Eighth and Fourteenth Amendment violations by the City of San Diego and the San Diego Police Department, as well as negligence against all defendants. [*Id.*]

On October 3, 2007, Plaintiffs filed a first amended complaint. [Doc. No. 29.] The first amended complaint added South Crest Apartments as a new defendant. Additionally, it alleges two causes of action against the City of San Diego and San Diego Police Department for damages under 42 U.S.C. § 1983, a third cause of action against unnamed San Diego Police Officers, San Diego Police Department and the City of San Diego under the California Tort Claims Act, and a fourth cause of action for common law negligence against all defendants. [*Id.*]

Since Plaintiffs initiated this suit, they have experienced many changes in representation. Plaintiffs were first represented by John Victor Bell of the Pacific Law Center; on April 17, 2007, Mr. Bell filed Notice that Giles de Sureval Townsend from the same firm would handle the case.  [Doc. No. 3.] Later that year, Plaintiffs filed a Motion to Substitute Attorney after Pacific Law Center closed its civil practice; Robert Hamparyan of Panish Hoey, LLP became Plaintiffs' attorney of record. [Doc. Nos. 17, 36.] On March 6, 2008, Robert Hamparyan filed a Motion to Withdraw as Counsel. [Doc. No. 47.] After holding a hearing, the Court ordered Mr. Hamparyan relieved. [Doc. No. 51.] Plaintiffs were without representation until January 23, 2009, when the Court granted Plaintiffs' request to substitute Richard deSaulles as counsel of record. [Doc. No. 67.]

On December 18, 2008, Defendants San Diego Police Department and the City of San Diego filed a Motion to Dismiss, or in the alternative, Motion for Partial Summary Judgment as to the second cause of action. [Doc. No. 63.] The Court reset the hearing date and ordered rebriefing of the Motion after Mr. DeSaulles became Plaintiffs' counsel. [Doc. No. 69.] On May 7, 2009, Defendants San Diego Police Department and City of San Diego filed a separate Motion to Dismiss, or in the alternative, Motion for Partial Summary Judgment as to the first cause of action. [Doc. No. 75.] On May 18, 2009, Defendants Executive and Franklin Whiteley filed an Amended Motion for Summary Judgment. [Doc. No. 77.] On June 15, 2009, Plaintiffs filed the instant Motion for Leave to File Second Amended Complaint. [Doc. No. 86.] Defendants San Diego Police Department and City of San Diego filed an Opposition to the Motion to Amend [doc. no. 93, "City Opposition"], as did Defendants Executive and Franklin Whiteley [doc. no. 92, "Executive Opposition"].

### *Legal Standard*

A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Once a responsive pleading has been served, however, a party may amend the pleading only by leave of court or by written consent of the adverse party. *Id.*

Leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a)(2)*; Morris v. U.S. Dist. Court,* 363 F.3d 891, 894 (9th Cir. 2004). Moreover, this policy is "to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "The purpose of the pleadings is to facilitate a proper decision on the merits and to not erect formal and burdensome impediments in the litigation process." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

However, the denial of a motion for leave to amend is within the discretion of the district court and will be reversed only upon abuse. *Chappel v. Lab. Corp. of Am.,* 232 F.3d 719, 725 (9th Cir. 2000). A district court may deny leave to amend based on "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). In particular, the Ninth Circuit has held that

prejudice to the opposing party carries the "greatest weight" in determining whether to deny leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

## *Discussion*

Plaintiffs' Proposed Second Amended Complaint adds six individual defendants (previously identified as Does 7-12) and adds two new causes of action, for assault and battery and violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1. [Doc. No. 86, Ex. A.] Defendants argue that the Court should deny the Motion to Amend because the motion was the product of undue delay, the motion would prejudice Defendants, and amendment would be futile. The Court will address each argument in turn.

**I. Undue Delay**

Defendants argue that Plaintiff's Motion to Amend should be denied because of undue delay in filing the Motion. (*See* City Opposition at 6-7; Executive Opposition at 4-7.) Defendants argue that, because the Motion was filed after the close of discovery and near in time to the scheduled pre-trial conference, it should be denied.

Delay alone does not provide sufficient grounds for denying leave to amend. *Howey*, 481 F.2d at 1191; *Hum v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981); *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987.) A court should consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Plaintiffs were hampered by their pro se status during much of the course of discovery; as a result, Plaintiffs had limited information about the circumstances of several proposed additional defendants' involvement in the incident that is the basis of this suit. (*See* Plaintiffs' Mem. of P. & A. at 6.) Moreover, Plaintiffs' current counsel was not retained until January 23, 2009. It is not unreasonable for an attorney newly assigned to a case to need several months to become familiar with all of the filings and disclosures previously made. Therefore, the Court **FINDS** that Plaintiffs did not unduly delay in filing the present Motion.

**II. Prejudice**

Defendants argue that the Court should deny Plaintiffs' Motion to Amend because amendment would prejudice them. (*See* City Opposition at 4-6; Executive Opposition at 7-8.) Specifically, Defendants claim that they have dispositive motions pending that would be mooted by amendment, and they have conducted discovery, which is now closed, with a reliance upon the causes of action in the First Amended Complaint.

"Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). Moreover, to justify denial of leave to amend, prejudice must be substantial. *Morongo Mission Indians*, 893 F.2d at 1079. The substitution of named defendants for the previously named Does will not cause Defendants substantial prejudice. Furthermore, the proposed additional causes of action arise from the same set of facts as the existing causes of action, mitigating the prejudice to Defendants. *See Hurn*, 648 F.2d at 1254. Although Defendants claim that the discovery they have completed to date is insufficient to defend against the new causes of action, that argument may be further developed in a Motion to Reopen Discovery.

## III.  Futility of Amendment

Defendants argue that Plaintiffs' amendment would be futile because the statute of limitations bars the proposed additional claims. (City Opposition at 7-9; Executive Opposition at 8-9.) A proposed amendment is "futile" only if no set of facts can be proved under the amendment which would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Ninth Circuit has held that leave to amend may be denied as futile if the statute of limitations has run. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.20 (9th Cir. 2003). Plaintiffs' claims are governed by California Code of Civil Procedure § 335.1, which imposes a two-year statute of limitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 271-72 (1985) (holding that Section 1983 actions are governed by the state statute of limitations applicable to personal injury actions). The incident giving rise to Plaintiffs' complaint occurred on July 16, 2006; therefore the statute of limitations expired on July 16, 2008.

1  Later-added claims, however, are timely filed if they relate back to the original pleadings
2  under FRCP 15(c)(2). The rule provides that "an amendment of a pleading relates back to the
3  date of the original pleading when (1) relation back is permitted by the law that provides the
4  statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended
5  pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth
6  in the original pleading. . . ." FRCP 15(c).  Under the relation-back doctrine, the amended
7  complaint must be based on the same operative facts as those set forth in the original complaint.
8  *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989). The newly-added claims in Plaintiffs'
9  proposed second amended complaint arose out of the same incident as the previously-alleged
10 claims and are based on the same operative facts.  Therefore, the new claims are not barred by
11 the statute of limitations.

12  In addition, with respect to fictitious "Doe" defendants, California law states that
13 amendments to substitute defendants' true names relate back for statute of limitations purposes
14 to the date the original complaint was filed.  *Barrows v. Am. Motors Corp.*, 144 Cal.App.3d 1, 7
15 (1983).  Moreover, unlike FRCP 15(c), California law does not require that the newly named
16 defendant have notice of the institution of the action within the time provided for commence-
17 ment of the action.  Cal. Civ. Proc. Code § 474; *Lindley v. General Electric Co.*, 780 F.2d 797,
18 799 (9th Cir. 1986).  Finally, such amendments are permitted any time within the period allowed
19 for service of summons, which is generally three years after the commencement of the action.
20 *See Lindley*, 780 F.2d at 800; Cal. Civ. Proc. Code § 583.210.  Because the new defendants
21 Plaintiffs seek to add are being substituted for fictitious "Doe" defendants, the amendment
22 relates back to the date of the original complaint and is not barred by the statute of limitations as
23 long as the defendants are served properly and timely.

24  The proposed amendment is therefore not barred by the statute of limitations and
25 amendment is not futile.

### *Conclusion*

27  Accordingly, for the reasons stated above, the Court **GRANTS** Plaintiffs' motion for
28 leave to file a second amended complaint.  The Clerk is instructed to file the Proposed Second

1  Amended Complaint, attached to Plaintiffs' Motion for Leave to Amend [doc. no. 86] forthwith.
2  Defendants San Diego Police Department and City of San Diego's pending Motions to Dismiss,
3  or in the alternative, for Partial Summary Judgment [doc. nos. 63, 75], which are based on the
4  First Amended Complaint, are hereby **DISMISSED AS MOOT**.  In addition, Defendants
5  Executive and Franklin Whiteley's Amended Motion for Summary Judgment [doc. no. 77], also
6  based on the First Amended Complaint, is **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

DATED: September 28, 2009

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:   Magistrate Judge Battaglia
      All Parties