UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESSIE JOHNSON, CHARLIE JOHNSON and as surviving heirs of DARRYL JOHNSON, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE PROTECTIVE AGENCY K-9 & INVESTIGATIVE SERVICES, INC., et. al.,<br><br>Defendants. | Civil No.07cv0570 JAH (AJB)<br><br>**ORDER GRANTING DEFENDANTS BRIAN SULLIVAN AND LUIS LARA'S MOTION TO DISMISS PLAINTIFFS' FIFTH CAUSE OF ACTION [Doc. No. 113]** |

**INTRODUCTION**

Plaintiffs, Bessie Johnson and Charlie Johnson, originally filed this action on March 28, 2007, seeking relief under 42 U.S.C. section 1983 and for negligence. They named Executive Protective Agency K-9 & Investigative Services, Inc. ("Executive Protection Agency"), Franklin R. Whiteley, Park Crest Apartments, City of San Diego, San Diego Police Department and Does 6 through 100 as defendants. Defendants San Diego Police Department and City of San Diego moved to dismiss the action on May 1, 2007. The Honorable Napoleon A. Jones, Jr. granted the motion and dismissed Defendants City of San Diego and San Diego Police Department with leave to amend. Plaintiffs filed a First Amended Complaint on October 3, 2007, again asserting claims under section 1983 and for negligence. Executive Protective Agency, Whiteley, City of San Diego, San Diego Police Department, South Crest Apartments, Park Crest Properties and does 7 through

100 were named as defendants. On December 18, 2008, Defendants City of San Diego and San Diego Police Department filed a motion to dismiss or in the alternative motion for partial summary judgment and filed a second motion to dismiss or in the alternative motion for summary judgment on May 7, 2009. Defendants Executive Protective Agency and Whiteley filed a motion for summary judgment on May 18, 2009. Plaintiffs filed oppositions and filed a motion for leave to file a Second Amended Complaint. Judge Jones granted Plaintiffs' motion for leave and denied Defendants' motions as moot by order filed September 28, 2009. Thereafter, the action was transferred to this Court.

In the Second Amended Complaint ("SAC"), Plaintiffs assert claims for excessive force, negligence, assault and battery and violations of California Civil Code section 52.1 and name Executive Protection Agency, Whiteley, Brian Sullivan, Luis Lara, Park Crest Properties, City of San Diego, San Diego Police Department, Lansdowne, Officer Christopher Tivanian, Officer Michael DeWitt, Officer Mark Brenner and Does 7 through 100 as defendants.

Now pending before the Court is Defendants Sullivan and Lara's motion to dismiss/motion to strike Plaintiffs' fifth cause of action for assault and battery. Plaintiffs filed an opposition and Defendants filed a reply. The motion was set for hearing, but was taken under submission pursuant to Local Rule 7.1. Upon a thorough review of the parties' submissions and the pleadings in the matter, this Court GRANTS the motion to dismiss and DENIES the motion to strike as moot.[1]

## LEGAL STANDARD

Defendants seek to dismiss the action for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests

---

[1] Defendants seeks to dismiss the Plaintiffs' fifth cause of action pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). It is neither an authorized or proper way to procure dismissal of all or part of a complaint. See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010). Defendants set forth no argument that the fifth cause of action is redundant, immaterial, impertinent or scandalous. As such, the Court addresses the motion as a motion to dismiss.

the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable fo the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## DISCUSSION

Defendants seek dismissal of the assault and battery cause of action of Plaintiffs' Second Amended Complaint filed on June 15, 2009. They argue the complaint filed nearly three years after the incident giving rise to the action[2] is barred by California's two year statute of limitations. Defendants further argue Plaintiffs fails to state a claim for battery because Plaintiffs fail to establish damages.

**I. Statute of Limitations**

Defendants contend the assault and battery claim is a survivor action and does not relate back to the original complaint filed on March 28, 2007, which only asserted a

---

[2] According to the complaint, the incident giving rise to the action occurred on July 16, 2006. See SAC ¶¶ 21-31.

1 wrongful death cause of action. Therefore, they argue the claim, first asserted in the
2 proposed Second Amended Complaint, is barred by the two year statute of limitations.
3 In opposition, Plaintiffs argue the statute of limitations issue was previously raised by
4 Defendants in opposition to Plaintiffs' motion for leave to amend and was resolved by the
5 Court. In reply, Defendants argue the Court did not authorize Plaintiffs to add new
6 parties or authorize a survivor cause of action that was already barred by the statute of
7 limitations.

8 The law of the case doctrine precludes a court from reconsidering an issue
9 previously decided by the same court, or a higher court, in the same case. Moore v. Jas.
10 H. Matthews & Co., 682 F.2d 830, 833 (9th Cir. 1982). The doctrine applies to a court's
11 explicit holdings and those decided by necessary implication. Thomas v. Bible, 983 F.2d
12 152, 154 (9th Cir. 1993). A court may depart from the previous decision if (1) the first
13 decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the
14 evidence on remand is substantially different; (4) other changed circumstances exist; or (5)
15 a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874 (9th
16 Cir. 1997).

17 In the order filed September 28, 2009, Judge Jones clearly found the newly added
18 claims, including the assault and battery claim, related back to the original pleadings
19 because they "arose out of the same incident as the previously-alleged claims and are based
20 on the same operative facts." See Order at 6 (Doc. No. 96). As such, unless Defendants
21 demonstrate circumstances exist to permit this Court from departing from Judge Jones's
22 previous decision, the law of the case bars reconsideration of the statute of limitations
23 issue.

24 Defendants argue the assault and battery claim does not relate back to the filing of
25 Plaintiff's original complaint and, therefore, impliedly suggest Judge Jones's holding
26 otherwise is erroneous. Plaintiffs argue the Second Amended Complaint asserts the same
27 facts, injury and instrumentality as the original complaint.

28 California's relation back doctrine applies to this action. See Merritt v. County of

Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989) (holding "that the relation back provisions of state law, rather than Rule 15(c) govern a federal cause of action pursuant to 42 U.S.C. § 1983"). Under California law, an amended complaint will relate back to the original complaint if the amended complaint (1) rests on the same general set of facts, (2) involves the same injury and (3) refers to the same instrumentality as the original complaint. See Norgart v. Upjohn Co., 21 Cal.4th 383, 408-09 (1999).

Upon review of the two complaints at issue, it is clear they rest on the same general facts and the same instrumentality, namely, that excessive force used against the decedent resulted in his death. Defendants argue the Second Amended Complaint pleads a different injury from the original. They maintain the original complaint asserted a wrongful death action which pleads an injury to the heirs of the decedent while the Second Amended Complaint asserts a survivor action pleading injury to the decedent. This Court agrees with the defendants. The original complaint asserts claims under section 1983 and negligence and alleges Plaintiffs

> have been permanently deprived of love, affection, companionship, guidance and society of Darryl Johnson, have incurred medical and funeral related expenses on his behalf, and otherwise been damaged in a sum to be determined by this court.

Complaint ¶ 21. They clearly plead an injury to themselves as Defendants heirs. In the Second Amended Complaint, Plaintiffs again allege loss of support, comfort and society, but also allege "Darryl Johnson suffered mental anguish, humiliation, pain, severe injury to his person and death" as a result of the defendants' actions. SAC ¶¶ 38, 39. Plaintiffs are asserting a claim for damages to the decedent for his injuries in the assault and battery cause of action as the decedent's successors in interest. See Quiroz v. Seventh Ave. Center, 140 Cal.App.4th 12656, 1265 (2006) (Finding a survivor cause of action is "a separate and distinct cause of action which belonged to the decedent before death but, by statue, survives the event."); Cal. Code Civ. Proced. § 377.30. The survivor cause of action pleads a different injury and seeks greater liability against the defendants. See Quiroz, 140 Cal.App.4th at 1279. As such, it does not relate back to the original complaint and is barred as untimely.

1  Accordingly, Defendants' motion to dismiss the fifth cause of action is GRANTED.
2  **II.  Failure to Properly Allege Damages**
3  Because the Court finds the assault and battery claim is barred by the applicable
4  statute of limitations, the Court will not address the arguments that Plaintiffs fail to allege
5  damages in support of the claim.

6  **CONCLUSION AND ORDER**
7  **IT IS HEREBY ORDERED**:
8  1.   Defendants Brian Sullivan and Luis Lara's motion to dismiss is **GRANTED**.
9       Plaintiffs' fifth cause of action for assault and battery is **DISMISSED**.
10 2.   Defendants' motion to strike is **DENIED as moot**.
11 DATED:  February 17, 2011

13 JOHN A. HOUSTON
   United States District Judge